

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00357-CR
_____

MICHAEL ANTHONY COLE PHILLIPS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 66th District Court
Hill County, Texas
Trial Court No. 38,331, Honorable A. Lee Harris, Presiding

July 11, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Michael Anthony Cole Phillips pled guilty before a jury to the first-degree felony offense of aggravated robbery with a deadly weapon[1] and was sentenced to a term of life in prison. Through one issue, appellant contends the trial court erred by admitting ten photographs into evidence during the punishment phase of trial. We will affirm the judgment of the trial court.

---

[1] TEX. PENAL CODE ANN. § 29.03 (West 2014).

Background

After appellant pled guilty to the indicted charge and pled true to its enhancement allegation, the jury heard punishment evidence.

The State's evidence showed that in May 2014, appellant and another man broke into a home owned by Mr. and Mrs. Harless. The Harlesses' dogs alerted them and Mr. Harless confronted the men with a gun. The men hit Mr. Harless and took his gun. They then beat the couple and took several items from the house. Mr. Harless sustained serious, permanent injuries from the beating. Mrs. Harless also sustained injuries.

Mrs. Harless testified to the nature and the extent of the injuries she and her husband sustained. Mr. Harless did not testify. During the testimony of a police officer, the State introduced, over appellant's objection, three photographs showing blood in the Harlesses' home, and seven photographs of Mr. and Mrs. Harless in the hospital.

Analysis

Through one issue, appellant argues the trial court erred by admitting the ten photographs during the punishment phase of trial. His contention focuses on Rule of Evidence 403.

Section 3(a)(1) of article 37.07 governs the introduction of punishment-stage evidence. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West 2015). It provides in relevant part, "[r]egardless of the plea and whether the punishment be assessed by the

2

judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing . . . ." *Id.*

Even if punishment phase evidence is deemed relevant, it nevertheless is subject to analysis under Rule of Evidence 403. *Rodriguez v. State,* 203 S.W.3d 837, 843 (Tex. Crim. App. 2006). "The admissibility of a photograph is within the sound discretion of the trial judge." *Shuffield v. State,* 189 S.W.3d 782, 786 (Tex. Crim. App. 2006). Accordingly, we review the trial court's analysis under an abuse-of-discretion standard and will overturn its ruling only if it falls outside the "zone of reasonable disagreement." *Rodriguez,* 203 S.W.3d at 843.

Rule 403 provides that relevant evidence, which is usually admissible, may be made inadmissible when its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. In the analysis, the following factors are pertinent, but not exclusive: (1) how probative the evidence is; (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence. *Shuffield,* 189 S.W.3d at 787 (*citing Montgomery v. State*, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1991) (op. on reh'g)). Specifically in the context of photographic evidence, these elements have been encapsulated into the following considerations: the number of photographs, the size of the photograph, whether it is in color or black and white, the detail shown in the photograph, whether the photograph is gruesome, whether the body is naked or clothed, and whether the body has been altered since the crime in some way that might enhance the gruesomeness of the photograph to the appellant's detriment. *Id.; Sonnier v. State,* 913 S.W.2d 511, 518 (Tex. Crim. App.

3

1995).  *See also Hayes v. State,* 85 S.W.3d 809, 815 (Tex. Crim. App. 2002) (similar considerations).  Generally, photographs are admissible if testimony about the matters depicted in the photographs would be admissible and their probative value is not substantially outweighed by any of the Rule 403 counter-factors. *Threadgill v. State,* 146 S.W.3d 654, 671 (Tex. Crim. App. 2004).

Exhibits 52, 53 and 54 depict different views of a pool of blood on the floor immediately in front of an upholstered chair in the Harless home.  Two of the three views also show blood splatters on the wall and window adjacent the chair, and on decorative pillows in the chair's seat.  The third is a close-up photograph of the pool of blood, showing an unfired cartridge standing upright in the blood.

Exhibit 55 is a photograph of Mrs. Harless, taken in the hospital. She is wearing a hospital gown. The picture bears the date of their attack in May 2014, and shows the beaten and bruised condition of her face, along with small amounts of dried blood.  The other six photographs, exhibits 58 through 63, are of Mr. Harless.  He also is wearing hospital clothing. Four of them also bear the date of their attack and appear to have been taken in the hospital shortly after his head wounds were stitched. Bloody gauze is present. These four photographs depict different views of a large stitched wound at his hairline and mid-forehead, and at least two other stitched wounds in the back of his head, along with smaller wounds.  The two other pictures, apparently taken days later, show two views of the forehead wound and other wounds on the top of Mr. Harless's head.

4

In her punishment phase testimony, Mrs. Harless described their attack by appellant and his cohort. Her testimony is detailed, occupying some thirty pages of reporter's record, with twelve of those pages including descriptions of the injuries the couple sustained. She told of her husband's four brain surgeries, and of his debilitated condition. On appeal, appellant characterizes her descriptions as "compelling and graphic, especially as to the permanent damage to [Mr. Harless's] skull." Appellant argues her testimony alone was sufficient to illustrate for the jury the gravity of their injuries.

We do not agree the injury photographs were cumulative of Mrs. Harless's testimony. Our courts recognize that photographs of wounds suffered by victims in the incident on trial can be helpful to the jury determining punishment because they show more than testimony can convey. *See Erazo v. State*, 144 S.W.3d 487, 493-94 (Tex. Crim. App. 2004). The photographs of injuries the victims here suffered during appellant's robbery are thus highly probative, and have little potential to impress the jury in an irrational way. Introduction of the photographs required little time at trial, and carried no risk of distracting the jury from the issues at hand in the punishment phase. *See Sonnier*, 913 S.W.2d at 519 (noting photographs in that case were "powerful visible evidence," and that their power "emanates from nothing more than what the defendant has himself done").

The injury photographs are not especially gruesome. The injuries as depicted have been treated, and none are open wounds. None of the pictures depict surgical procedures.

5

Appellant refers to the crime-scene photographs with their pool of blood as "disgusting" and "very gruesome." We will agree the coagulating pool is not a pleasant sight, and thus might be called "gruesome." *See Sonnier*, 913 S.W.2d at 519 (photographs there were gruesome because "disagreeable to look at"). But we find these photographs relevant to the jury's task for the same reason the injury photographs are helpful. The pooled and splattered blood serves to illustrate the brutality of the attack on the Harlesses and the horrific consequences of appellant's unlawful intrusion into their home. *See Erazo*, 144 S.W.3d at 493 (noting crime-scene photograph assists jury in visualizing the scene). Their gruesomeness alone does not demonstrate error in their admission. *See Sonnier*, 913 S.W.2d at 519 (court does not err merely because it admits gruesome photographs into evidence). The close-up photograph is no more gruesome than the other two, and more clearly shows the unfired cartridge standing in the blood.[2]

The ten photographs each depict the direct consequences of appellant's actions. The photographs are in color, each a standard 5 x 7 inch size. None had been altered. Appellant has not demonstrated their probative value was substantially outweighed by a danger of unfair prejudice from their admission before the jury. We conclude the trial court did not abuse its discretion by admitting them, and thus we overrule appellant's sole issue on appeal.

---

[2] There was a suggestion in testimony that the unfired cartridge was ejected from Mr. Harless's 9mm firearm at some point during his encounter with the robbers. There also was testimony that, after the robbers took the firearm, they exchanged gunfire with the couple's employee, who came in response to Mrs. Harless's telephone call.

## Conclusion

Having resolved appellant's sole issue against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.